IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

KIMBERLY ANN SIMMONS, DECEASED,
BY AND THOUGH DAVID MICHAEL NELSON, JR., as Representative
of the ESTATE OF KIMBERLY ANN SIMMONS and the
WRONGFUL DEATH BENEFICIARIES OF
KIMBERLY ANN SIMMONS                                                    PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. A2402-12-124

J. NAOMI SANDOR, D.O.,
NEW BEGINNINGS FAMILY MEDICAL PRACTICE, PLLC,
AND JOHN DOES 1-5                                                        DEFENDANTS

## AMENDED COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW DAVID MICHAEL NELSON, JR, as representative of the Estate of Kimberly Ann Simmons and the Wrongful Death Beneficiaries of Kimberly Ann Simmons, by and through their attorney of record, KRISTOPHER W. CARTER of DENHAM LAW FIRM, PLLC, and would file this, their Complaint against the Defendants herein, and for cause would respectfully show as follows:

### I. PARTIES

1. Kimberly Ann Simmons, Deceased, was at all times material hereto a resident of Harrison County, Mississippi, residing at 4457 Popps Ferry Rd., #54, D'Iberville, Mississippi. Kimberly Ann Simmons departed this life on April 21, 2011, through complications from cancer.

2. David Michael Nelson, Jr. is an heir-at-law of Kimberly Ann Simmons, and brings this suit on behalf of the wrongful death beneficiaries of Kimberly Ann Simmons, and as representative of the Decedent's Estate. Upon information and belief, the other wrongful

death beneficiaries of Kimberly Ann Simmons are: Misty Loper, Teressa Nicole Nelson, Shannon Simmons, Rachel Benefield and David Michael Nelson, Jr.

3. New Beginnings Family Medical Practice, PLLC, is a Mississippi Corporation, now dissolved, which was organized and existing under the laws of the State of Mississippi, and which at all relevant times was registered to do business in the State of Mississippi; and which may be served with process in the time and manner provided by law upon its registered agent for process, Thomas L. Kirkland, Jr. 600 Concourse, 1076 Highland Colony Pkwy, Ridgeland, MS 39157.

4. J. Naomi Sandor, D.O., is an adult resident citizen of Beaver Creek, Ohio, who may be served with process in the form and manner provided by law at her address of 3359 Kemp Road, Suite 205B, Beaver Creek, Ohio 45431.

5. Defendants John Does 1 through 5 are entities affiliated with Defendants and/or have acted in concert with Defendants, and whose identities are currently unknown. All allegations and claims asserted herein against Defendants are incorporated herein by reference against John Does 1 through 5. Said John Does, when their identities are known, will be identified by name and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.

6. The Plaintiff gave timely notice of her claim, as shown by the copy of her Notice of Claim to J. Naomi Sandor, D.O. and New Beginnings Family Medical Practice, PLLC dated March 17, 2011, attached hereto as Exhibit "A". True and correct copies of the certified return receipts showing service are attached hereto as Exhibit "B".

## II. JURISDICTION AND VENUE

7. This Court has personal and subject matter jurisdiction of this cause pursuant to the

provisions of the Mississippi Code.

8. The acts and omissions giving rise to Plaintiff's cause of action occurred in Harrison County, Mississippi, Second Judicial District, and venue is properly laid in this judicial district.

### III. FACTS GIVING RISE TO CAUSE OF ACTION

9. Kimberly Ann Simmons was a patient of J. Naomi, Sandor, D.O. ("Sandor"), in 2008. On or about November 3, 2008, Kimberly Ann Simmons, had a PET Scan performed at Biloxi Regional Medical Center, Inc., at the behest of Sandor. Unbeknownst to Ms. Simmons, the results of the PET scan showed a nodule in the lower right lobe of her lung showing "intense increased activity." Following this positive finding, none of the Defendants herein provided any follow-up care, or informed her of any diagnosis, or that there was any reason to suspect that her health was in jeopardy. None of the Defendants herein informed Ms. Simmons that she potentially had lung cancer, or suggested to her that she receive follow up care or testing. Kimberly Ann Simmons did not learn of the lung cancer until early September 0f 2010. The nodule was this time noted and biopsied, at which time it was discovered that Ms. Simmons had stage 4 cancer and was expected to live less than a year. Kimberly Ann Simmons departed this life on April 21, 2011 as result of the lung cancer. Had the Defendants herein acted earlier, the probability is that early intervention would have saved Kimberly Ann Simmons's life and/or greatly increased her life expectancy. The negligence and/or gross negligence of the Defendants and/or Defendants' agents, employees, or servants acting within the course and scope of their employment, in failing to properly provide standard medical care and properly

diagnose and treat Ms. Simmons's condition, and to inform her of said diagnosis, was the proximate cause of her ultimate death.

### IV. NEGLIGENCE

10. Plaintiffs herein bring separate Counts and claims for (a) the wrongful death of the Decedent, and (b) for survival claims on behalf of the Estate.

11. Plaintiffs hereby reincorporate each paragraph of the Complaint. The Plaintiffs would show that by failing to provide follow up care, early diagnosis and treatment to Kimberly Ann Simmons, Defendants and/or their agents and employees violated the acceptable standard of care, proximately leading to the untimely death of Kimberly Ann Simmons's and/or greatly diminishing her life. Had Defendants acted properly, there is a reasonable probability that Kimberly Ann Simmons's would have substantially improved and/or that she could have gone into remission. At the very least, Ms. Simmons would have had a significantly greater life expectancy, had the cancer been timely diagnosed and treated. Defendants' actions, alone or in concert, proximately caused a loss of such probability.

12. That Defendants' negligence and/or neglect, including, but not limited to, failure to diagnose, inform and treat the Decedent, proximately caused Kimberly Ann Simmons, to sustain unnecessary injuries and damages to her lung and body as a whole. That as a result of the negligence of the Defendants and their failure to provide appropriate treatment and care and their violation of the applicable standard of care and other contemporaneous acts, the Decedent, Kimberly Ann Simmons, was substantially damaged, and departed prematurely from this life.

13. Plaintiffs would further show that the Defendants, alone or in concert, are liable to Plaintiffs for their negligent acts and omissions.

14. The negligence of the Defendants and/or their agents/employees was a proximate cause of the damages sustained by the Plaintiffs herein and the Decedent. It is further asserted that Defendants, alone or in concert, acted with gross negligence in the acts and/or omissions complained of herein.

15. As a result of the negligence of the Defendants and/or their agents/employees, Plaintiffs suffered the injuries and damages set forth below in this Complaint.

## III. DAMAGES

16. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 13 of this Complaint as if fully set forth herein.

17. Plaintiffs would show unto the Court that as a direct and proximate result of the negligent actions of Defendants, the Decedent was caused to endure physical pain and discomfort, mental anguish, permanent disability, loss of enjoyment of life, shortened life expectancy, ultimate loss of life and was otherwise damaged.

18. Plaintiffs herein would make claim for all damages available under Mississippi law, under counts of wrongful death and/or the survival statute, as well as all damages available under Mississippi law, jointly or alternatively, including, but not limited to: any and all medical, hospital, doctor and other related expenses; funeral expenses and other expenses associated with Ms. Simmons's demise; damages to Ms. Simmons's property and/or estate; damages for Ms. Simmons's pain and suffering, loss of enjoyment of life, mental anguish, and punitive damages; damages to the wrongful death beneficiaries for loss of support, maintenance and companionship, and punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages in a fair and reasonable monetary amount to be determined by the trier of fact,

to fully compensate Plaintiffs for all injuries, damages and losses, together with interest as provided by law and the costs of this action. Plaintiffs further demand punitive damages due to the grossly negligent and reckless acts and omissions of Defendants. Plaintiffs further request general relief as the Court may deem proper under the premises.

RESPECTFULLY SUBMITTED on this, the 6 day of December, 2012.

KIMBERLY ANN SIMMONS
BY: DENHAM LAW FIRM, PLLC

BY: _____
KRISTOPHER W. CARTER
MS Bar No. 101963

## CERTIFICATE OF COMPLIANCE

I Kristopher W. Carter, pursuant to the Mississippi Code, hereby certify that I have reviewed the facts of this case and have consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to standard of care or negligence, and who is reasonably believed to be knowledgeable in the relevant issues involved in this action. I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

Dated this 6 day of Dec., 2012.

_____
KRISTOPHER W. CARTER, ATTORNEY

KRISTOPHER W. CARTER
MS Bar No. 101963
DENHAM LAW FIRM, PLLC
424 Washington Avenue (39564)
Post Office Drawer 580
Ocean Springs, MS 39566-0580
228.875.1234 Telephone
228.875.4553 Facsimile

# DENHAM LAW FIRM, PLLC

ATTORNEYS AT LAW

| | | |
|---|---|---|
| **EARL LAMAR DENHAM**<br><br>Associates:<br>KRISTOPHER W. CARTER *<br>LEILANI LEITH HILL<br>ISRAEL ANDERSON DENHAM<br>ALBERT R. JORDAN, IV<br><br>Legal Administrator:<br>KAREN D. KOSZTUR<br><br>* Also admitted in Alabama | 424 WASHINGTON AVENUE<br>OCEAN SPRINGS, MS 39564<br><br>POST OFFICE DRAWER 580<br>OCEAN SPRINGS, MS 39566-0580<br><br>228.875.1234 Telephone<br>228.875.4553 Facsimile<br><br>www.denhamlaw.com | JAMES W. BACKSTROM<br>1942 - 2006<br><br>BOBBY G. O'BARR, SR.<br>1932 - 2006<br><br>THELMA S. ZINNER<br>1922 - 2001 |

March 17, 2010

**Via Certified Mail/Return Receipt Requested**
J. Naomi Sandor, D.O.
3359 Kemp Rd., Suite 205 B
Beaver Creek, OH 45431

**Via Certified Mail/Return Receipt Requested**
New Beginnings Family Medical Practice, PLLC
600 Concourse, 1076 Highland Colony Pkwy
Ridgeland MS 39157

Re:    Kimberly Ann Simmons

### Notice of Claim

Dear Sirs and Madam:

Acting for and on behalf of Kimberly Ann Simmons, as her attorneys, we do hereby submit her Notice of Claim and intent to bring suit pursuant to § 15-1-36 of the Mississippi Code of 1972, as amended, for her personal injuries, damages and losses proximately resulting from the negligence/gross negligence of the employees of New Beginnings Family Medical Practice, PLLC, J. Naomi Sandor, and John Does 1-5, representing other unknown individuals, as set forth hereinafter:

1.    **Legal Basis for Claim and injuries complained of:**

On or about November 10, 2008, Kimberly Ann Simmons was being evaluated by Dr. J. Naomi Sandor of New Beginnings Family Medical Practice, PLLC, and was sent for a PET scan of her whole body, including high resolution imaging of her lungs. The November 10, 2008, scan revealed a nodule in the right lower lobe of Ms. Simmons's lung with intense increased activity. However, neither Dr. J. Naomi Sandor nor anyone else at any point ever informed Ms. Simmons of the nodule, and there was no follow up by Ms. Simmons's physicians. She was not referred to anyone regarding the nodule in her lung, nor was cancer even suggested to her. Ms.

EXHIBIT A

Case: 24CI2:12-cv-00124    Document # 5-1    Filed: 12/06/2012    Page 1 of 2

Simmons was not informed that she had lung cancer until approximately September 2010, and by that time the cancer had gone from a treatable stage one cancer (November 2008) to an untreatable and terminal stage four cancer. Had Ms. Simmons been timely diagnosed and treated at the time of the original November 10, 2008, scan, she would have had a reasonable probability of substantial improvement and probable remission. The negligence and/or gross negligence of Dr. Naomi J. Sandor in failing to diagnose and treat Ms. Simmons' cancer occurred within the course and scope of Dr. Naomi J. Sandor's employment with New Beginnings Family Medical Practice, PLLC. The acts and/or omissions of Dr. Naomi J. Sandor and New Beginnings Family Medical Practice, PLLC, were performed with negligence, gross negligence and wanton, reckless disregard for Ms. Simmons's rights. The acts and/or omissions of Dr. Naomi J. Sandor and New Beginnings Family Medical Practice, PLLC, proximately led to Ms. Simmons developing incurable stage 4 cancer due to the failure to diagnose and treat. Ms. Simmons makes claim against the named entities for medical malpractice and all damages stemming therefrom. Dr. J. Naomi Sandor was acting in the course and scope of her employment with New Beginnings Family Medical Practice, PLLC.

2. **Nature of damages sought**

Ms. Simmons makes claim for compensatory damages, including past, present and future medical expenses; damages for past, present and future physical pain and suffering; damages for past, present and future mental anguish; punitive damages.

3. **Residence of person making the claim at the time of the injury and at the time of filing the notice.**

Kimberly Ann Simmons was a resident of 4457 Popps Ferry Rd., #54, D'Iberville, Mississippi, at the time of the injury and at the time of the filing of this Notice of Claim.

Please accept this Notice of Claim pursuant to § 15-1-36 of the Mississippi Code of, as amended, against New Beginnings Family Medical Center, PLLC, and J. Naomi Sandor, and John Does 1-5, representing other unknown individuals; and advise the decision of those parties with respect to this claim.

If there are any questions, please let me know.

Sincerely,
DENHAM LAW FIRM, PLLC

_____
KRISTOPHER W. CARTER

KWC/ydr

CC:   Kimberly Ann Simmons

**EXHIBIT B**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas Kirkland, Jr
600 Concourse, 1076 Highland
Colony Parkway, Ste. 100
Ridgeland, MS 39157

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Catie Shafner_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Catie Shafner
C. Date of Delivery: 3-21

D. Is delivery address different from item 1?  ☐ Yes  ☒ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
9171 7108 2133 3931 6186 9917

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1035

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas Kirkland Jr.
New Beginnings Family Practice LLC
600 Concourse, 1076 Highland
Colony Parkway
Ridgeland, MS 39157

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Catu Blvd   ☐ Agent  ☐ Addressee

B. Received by (Printed Name) Catu Shofnu
C. Date of Delivery 3-21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
91 7108 2133 3931 6186 9900

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

J. Naomi Sandor, D.O.
3359 Kemp Rd, Suite 205 B
Beaver Creek, OH 45431

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Nancy Capolinger_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Nancy Capolinger   7/21/12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   91 7108 2133 3931 6186 9894

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1035